1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10    UNITED STATES OF AMERICA,

11         Plaintiff,                                             Case No. 2:10-CR-245-KJD

12    v.                                                          **ORDER**

13    GREGORIO ALONZO HERNANDEZ,

14         Defendant.

15

16         Before the Court is Defendant Gregorio Alonzo Hernandez's ("Defendant") first Motion to

17    Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (#47).

18    I. Grounds One and Two: Fourth Amendment Violations

19         In Ground One, Defendant alleges that his conviction was based on evidence obtained in an

20    unconstitutional search and seizure. In Ground Two, Defendant alleges that his conviction was based

21    on evidence obtained via an unlawful arrest. Here, it is important to note that Defendant entered a

22    guilty plea (#52; 16:22-25).

23         The Government correctly asserts that

24         a guilty plea represents a break in the chain of events which has preceded it in the
           criminal process. When a criminal defendant has solemnly admitted in open court that
25         he is in fact guilty of the offense with which he is charged, he may not thereafter raise
           independent claims relating to the deprivation of constitutional rights that occurred

26

1  prior to the entry of the guilty plea. He may only attack the voluntary and intelligent
   character of the guilty plea.

2

3  Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, no relief is possible on Grounds One

4  or Two.

5  II. Ground Three: Ineffective Assistance of Counsel

6       There are two components to an ineffective assistance of counsel claim. First, that

7  defendant's counsel's representation fell below an objective standard of reasonableness, which

8  "requires showing that counsel made errors so serious that counsel was not functioning as the

9  'counsel' guaranteed the defendant by the Sixth Amendment. Strickland v. Washington, 466 U.S.

10 668, 687 (1984). Second, that this deficient performance prejudiced the defense such that the result

11 of the trial is unreliable. Id.

12      As to deficient performance, "[j]udicial scrutiny . . . must be highly deferential. . . . [A] court

13 must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

14 professional assistance; that is, the defendant must overcome the presumption that, under the

15 circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal

16 quotation omitted). "The question is whether an attorney's representation amounted to incompetence

17 under prevailing professional norms, not whether it deviated from best practices or most common

18 custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (internal quotation omitted) citing

19 Strickland, 466 U.S. at 690. This is an objective rather than a subjective standard. See Harrington v.

20 Richter, 131 S. Ct. at 790.

21      As to prejudice, "[i]t is not enough to show that the errors had some conceivable effect on the

22 outcome of the proceeding. Harrington v. Richter, 131 S. Ct. 770, 787, (2011) citing Strickland, 466

23 U.S. at 693 (internal quotation omitted). "Counsel's errors must be so serious as to deprive the

24 defendant of a fair trial, [meaning] a trial whose result is reliable." Harrington, 131 S. Ct. at 787-88

25 (internal quotation omitted) citing Strickland, 466 U.S. at 687.

26 ///

1        A. "Forced" to Enter a Guilty Plea

2        A guilty plea is valid only if it is "a voluntary and intelligent choice among the alternative[s] .

3   . . open to the defendant." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988) quoting Hill v.

4   Lockhart, 474 U.S. 52, 56 (1985). "A defendant who pleads guilty upon the advice of counsel may

5   only attack the voluntary and intelligent character of the guilty plea by showing that the advice he

6   received from counsel was not within the range of competence demanded of attorneys in criminal

7   cases." Signori, 844 F.2d at 638. However, encouraging his client to plead guilty is well within the

8   acceptable range of competence for the reasons presented by Counsel in his affidavit (#55; ¶¶21-30).

9   By way of brief summary, Counsel did not believe that Defendant could prevail in any substantive

10  pretrial motions (#55; ¶20); use of Defendant's children as eyewitnesses was thought unduly risky as

11  Defendant used his children as decoys in drug runs (#55; ¶22, 26); the amount and purity of the drugs

12  were strongly aggravating (#55; ¶23). Accordingly, the advice to plead guilty was well within the

13  range of acceptable competence.

14        Further, "[s]tatements made by a defendant during a guilty plea hearing carry a strong

15  presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511

16  F.3d 1233, 1236 (9th Cir. 2008). Accordingly, courts are "entitled to credit [a defendant's] testimony

17  . . . over her subsequent affidavit." United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984).

18  Looking to the Change of Plea proceedings, the Court engaged in a detailed inquiry where the

19  Defendant stated to the Court that, in effect, his plea was entered into voluntarily and intelligently

20  (#52). For example, on page 10 and 11 of the transcript:

21        THE COURT: Has anyone threatened you or forced you to

22        plead guilty?

23        THE DEFENDANT: No.

24        THE COURT: Are you pleading guilty because of any threats

25        or coercion from codefendants or third parties?

26        THE DEFENDANT: No.

3

1          .     .     .

2          THE COURT: And do you agree that everything that has induced

3          you to plead guilty is included in writing in the plea

4          agreement?

5          THE DEFENDANT: Yes.

6    On page 13:

7          THE COURT: Have you and Mr. Momot discussed the United

8          States Sentencing Guidelines and how those might apply to the

9          facts of your case?

10         THE DEFENDANT: Yes.

11   Further, the Court inquired as to the facts undergirding Defendant's plea (#52; 14:18-16:6). Finally,

12   on page 16:

13         THE COURT: Are you pleading guilty because in truth and in

14         fact you are guilty and for no other reason? (Attorney-client

15         discussion.)

16         THE DEFENDANT: Yes.

17         Finding no evidence whatever that the plea was not voluntary and intelligent, and in light of

18   the strong presumption of verity regarding Defendant's statements, the Court finds that no relief is

19   available on this ground.

20         B. Failure to Make Pretrial Motions

21         Defendant alleges that his Counsel was ineffective in failing to make any pretrial motions

22   regarding the allegedly pretextual traffic stop and warrantless search. However, this decision was

23   made deliberately (#55; ¶15) and in promotion of Defendant's interests. Defendant's counsel avers

24   that the filing of pretrial motions was unlikely to succeed. (#55; ¶20). Further, such filing "could

25   possibly aggravate the situation and would have frustrated any further negotiations" (#55; ¶21).

26   Counsel then spends the next two pages of his affidavit laying out in detail the sound rationale

4

1  behind his decision, only some of which was addressed by the Court under sub-A. (#55; ¶¶21-30).

2  Given the high degree of deference accorded for tactical decisions, and given the reasonable rationale

3  put forth in Counsel's affidavit, the Court cannot and will not engage in second-guessing.

4  Accordingly, Defendant cannot demonstrate deficit performance and so cannot make out a claim for

5  ineffective assistance of counsel on this ground. While the Court does not and need not reach the

6  issue of prejudice, it appears to the Court that Defendant almost certainly received a far lesser

7  sentence than he would have at trial (#55; ¶29).

8  III. Ground Four: Advised that His Case was "Unappealable"

9      Defendant claims that Counsel advised Defendant that his case was unappealable. However,

10  Defendant's Counsel denies this allegation (#55; ¶34). Further, Defendant was advised by the Court

11  on several occasions of his right to appeal. Defendant was advised of his appealable claims during

12  the Change of Plea proceeding (#52; 12, 13). Defendant was advised regarding his right to appeal

13  during sentencing (#53; 19). In fact, the Court explicitly told Defendant "Mr. Hernandez, if you wish

14  to appeal, you'll need to notify the court and the court clerk will designate an attorney to represent

15  you on appeal if you wish to exercise any right of appeal." (#53; 19-20). Accordingly, as the record

16  conclusively refutes Defendant's claim, no relief is available on this ground.

17  IV. Conclusion

18      Accordingly, as Defendant has not provided any viable grounds, Defendant's Motion to

19  Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (#47) is **HEREBY DENIED**.

20      DATED this 7th day of November 2013.

21

22

23      _____

        Kent J. Dawson
24      United States District Judge

25

26

5