**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>GREGORIO ALONZO HERNANDEZ<br>    Defendant. | Case No. 2:10-CR-00245-KJD-LRL<br><br>**ORDER** |

Before the Court is Defendant's Motion for 2 point reduction under Amendment 782 and U.S.C. 18 § 3582(c). The Government filed a timely response in opposition to which Defendant did not reply.

<u>Background</u>

On March 15, 2011, pursuant to a plea agreement with the government *(#39)*, Defendant pleaded guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). *(#38)*. Consistent with the terms of the plea agreement, the presentence investigation report ("PSR") determined that Defendant was responsible for 29.37 kilograms of methamphetamine (actual), which corresponded to a base offense level of 38. After a reduction for safety-valve eligibility and for acceptance of responsibility, Defendant's total offense level was 33 which, when combined with a criminal history category I, resulted in an advisory guidelines range of 135–168 months. At sentencing, the Court granted the parties' joint request to sentence Defendant to a below-Guidelines term of 120 months' imprisonment. *(#46)*.

Defendant filed the instant motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (##64, 65).

Except as provided by statute, a district judge may not modify a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). The statute relevant in this case, 18 U.S.C. § 3582(c)(2), provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Additionally, Federal Sentencing Guideline 1B1.10 identifies the amendments that may be applied retroactively and articulates the procedure for implementing those amendments. The provisions and limitations in that guideline are binding on the district courts. See Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that § 1B1.10's limitations on the district courts' authority to reduce sentences pursuant to 18 U.S.C. § 3582(c)(2) remain binding, even after Booker).

Section 1B1.10(b)(1) explains how to determine the amended guideline range:

> Determination of Reduction in Term of Imprisonment.—
> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Further, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [...] [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

At his initial sentencing, Defendant's base offense level was 38 because base offense level 38 applied to all drug offenses involving 1.5 Kilograms or more of methamphetamine (actual). <u>See</u> U.S.S.G. § 2D1.1(c)(1)(2011).  After Amendment 782, base offense level 38 now applies to all drug offenses involving 4.5 Kilograms or more of methamphetamine (actual). <u>See</u> U.S.S.G. § 2D1.1(c)(1)(2016).  Because Defendant's offense involved 29.37 kilograms of methamphetamine (actual), Amendment 782 does not result in a reduction of Defendant's base offense level or a change to his advisory guidelines sentence.  Thus, because the retroactive amendment did not have the effect of lowering the defendant's applicable guideline range, a reduction in Defendant's term of imprisonment would not be consistent with the policy statement in USSG § 1B1.10, and therefore is not authorized under 18 U.S.C. § 3582(c)(2).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for 2 point reduction under Amendment 782 and U.S.C. 18 § 3582(c) (##64, 65) is **DENIED**.

DATED this 27th day of January 2017.

_____
Kent J. Dawson
United States District Judge